IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ISAIAH L. ANFIELD, )
)
    Plaintiff, )
) CV 106-147
)
v. )
)
)
SENTINEL OFFENDER SERVICES, )
GAYLE B. HAMRICK, State Court Judge; )
and LAKETA MOSLEY, Probation Officer, )
)
    Defendants. )

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Plaintiff filed the above-captioned case *pro se*, apparently pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint failed provide sufficient information for the Court to determine whether he had suffered an actionable wrong resulting from state action. Because Plaintiff is proceeding *pro se*, the Court gave him an opportunity to attempt to cure his pleading deficiency by amending his complaint. (Doc. no. 4). Plaintiff filed an amended complaint shortly thereafter. (Doc. no. 5). As Plaintiff's amended complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that

fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Sentinel Offender Services, (2) Gayle B. Hamrick, State Court Judge, and (3) Laketa Mosley, Probation Officer. (Doc. no. 5, p. 1). Even though Plaintiff's amended complaint is even less clear than his original complaint, the Court is able to discern that Plaintiff has been convicted for various traffic offenses, including driving under the influence and speeding. (Id. at 3). Plaintiff has made payments toward the satisfaction of the fines resulting from these convictions and served jail time. (Id. at 3-4). Plaintiff is presently seeking compensation based upon the continued harassment of "Sentinel Offender," apparently some sort of collection agency, which asserts that he has not satisfied all of the penalties resulting from his convictions. (Id. at 5).

## II. DISCUSSION

The Supreme Court has held that when a plaintiff's allegations rest on the invalidity of some portion of his conviction or sentence a § 1983 claim does not accrue until that invalidity is proven. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In other words, a claim for monetary damages or injunctive relief that challenges the terms of Plaintiff's sentence is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Plaintiff's claim for compensation is based upon harassment which arises from the fact that he has not, allegedly, completed the

2

penalties resulting from his convictions. This claim is aimed at undermining Plaintiff's sentence and its invalidity has not been proven by one of the methods set forth above. Therefore, this claim is not properly brought in a § 1983 action at the present time.

Furthermore, with respect to Defendants Judge Hamrick and Probation Officer Laketa Mosley, Plaintiff has not set forth any allegations which indicate that his rights were violated by these Defendants. In fact, Probation Officer Laketa Mosley is not even mentioned anywhere in the statement of claim. With regard to Judge Hamrick, Plaintiff merely states that he appeared before the judge regarding one of his tickets and stated a preference for jail time regarding sentencing. Thus, Plaintiff has failed to state a claim upon which relief may be granted against these Defendants.

Additionally, Judge Hamrick is protected by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for their actions taken which are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Hamrick was dealing with Plaintiff in a judicial capacity and whether the judge's conduct clearly fell outside her subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge Hamrick acted in the "clear absence of all jurisdiction," id., the Court must consider whether Judge Hamrick's actions were of the type normally performed by judges. See Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Plaintiff's complaint merely

states that he appeared before Judge Hamrick and stated that he preferred to serve a jail sentence rather that pay a fine because he had insufficient funds to cover his fines. Sentencing defendants for criminal offenses is a function typically preformed by judges. See McCrosky v. State, 506 S.E.2d 400, 402 (Ga. Ct. App. 1998) (citation omitted). Judge Hamrick's actions certainly do not appear atypical. Therefore, Judge Hamrick is entitled to absolute judicial immunity against Plaintiff's allegations.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 3rd day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE